**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**EARL WAYNE BRYANT**                                                                                   **PETITIONER**
*Reg #89198-380*

**V.**                               **CASE NO. 2:21-cv-00037-JTK**

**JOHN P. YATES**
*Warden, FCI Forrest City*                                                                              **RESPONDENT**

**ORDER**

I.   **Introduction**

Petitioner Earl Wayne Bryant ("Bryant") is an inmate at Federal Correctional Institution Forrest City Low Unit ("FCI"). He is serving an 84-month sentence for Bank Robbery in violation of 18 U.S.C. § 2113 (a) and (d) out of the United States District Court for the Western District of Texas. *See United States v. Bryant*, No. 1:17CR201. Bryant filed this Writ of *Habeas Corpus* under 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") had failed to apply First Step Act ("FSA") credits pursuant to 28 U.S.C. § 3632(d)(1) & 28 U.S.C. § 3632(d)(1)(A). For the reasons stated below, the Court dismisses Bryant's petition without prejudice.

II.  **Background**

On September 20, 2017, in the United States District Court for the Western District of Texas, Bryant pleaded guilty to one count of Bank Robbery in violation of 18 U.S.C. § 2113 (a) and (d). He was sentenced to 84 months imprisonment, five years supervised release, and a $100 special assessment. Bryant did not directly appeal. In March of 2021, Bryant filed a request for administrative remedy with the BOP, requesting calculation and application of FSA credits. Within a week the BOP responded to Bryant's request, denying his request for remedy stating that the

BOP "has not begun the calculation or application of Federal Time Credits to the [FSA]… the policy governing the [FSA] and relevant Federal Time Credits is still pending. Once the Policy is approved, all inmates will begin receiving applicable Federal Time Credits." (*DE* #1, p. 15). BOP's response also provided Bryant with notice that he could appeal the decision, within 20 days, to the Regional Director in the South Central Regional Office. Bryant did not appeal this decision. Since then, Bryant has filed an additional remedy request with respect to calculation of FSA credits which was denied on September 20, 2021. Bryant has twenty days to appeal that decision to the South Central Regional Office.

The Court construes Bryant's recent pleading (*DE* #20) as a notice of supplemental authority, rather than a Motion to Amend. In his notice, Bryant directs the Court to a recently decided case from the United States District Court for the District of South Dakota, *O'Bryan v. Cox*, 2021 WL 3932275. The *O'Bryan* Court found that the intent of Congress is clear and declined to give deference to the BOP's interpretation of the phase-in period in 18 U.S.C. § 3621(h)(4). Whether this is the appropriate interpretation is not for this Court to decide because Bryant has failed to exhaust his administrative remedies.

### III. Discussion

Bryant has not met his burden of showing that he has exhausted administrative remedies. *See Mathena v. United States*, 577 F.3d 1069, 1069 (8th Cir. 2000) ("a prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP); *see also Nichols v. Hendrix*, 2020 WL 5201226 (E.D. Ark. Aug. 31, 2021) (an inmate has a "legal obligation to challenge and administratively exhaust the BOP's alleged improper exercise of authority before initiating a § 2241 habeas claim that the BOP's decision violated the prisoner's constitutional rights") (internal citations omitted).

To fully exhaust his administrative remedies, Bryant must complete four steps: he must (1) first present his claims to an appropriate prison staff member by submitting a request for informal resolution; (2) if the claim is not resolved to his satisfaction, he must then present a formal written claim to the warden (Form BP-9); (3) if Bryant is not satisfied with the warden's response, he must appeal to the Regional Director (Form BP-10); and (4) if he is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office (Form BP-11). 28 C.F.R. §§ 542.10-.19; *see Banks-Davis*, 2017 WL 11549565 (the BOP has a multi-tiered administrative remedy program through which an inmate may seek "formal review of an issue relating to any aspect of his/her own confinement.").

Bryant's initial Form BP-9 remedy request was abandoned because he did not appeal the warden's decision. Bryant's most recent Form BP-9 claim was denied by the warden on September 20, 2021, and he has twenty days to appeal that decision to the Regional Director using Form BP-10. Whether or not Bryant has appealed the warden's decision is unknown to the Court. Nevertheless, if Bryant appeals the warden's decision and receives an unfavorable response, he must still file a final appeal to the General Counsel in the Central Office using Form BP-11 before seeking habeas relief. *See* 28 C.F.R. §§ 542.10-.19. Bryant knew that he was required to seek relief through the administrative remedy program before filing a habeas petition under § 2241. He acknowledges this in his petition, stating "I have started this process. The answer thus far has not come from the administration…" (*DE* #1, p. 3). So, it should not come as a shock to Bryant that his failure to exhaust administrative duties must result in dismissal of his habeas petition without prejudice. *See United States v. Kluge*, 2020 WL 209287 (D. Minn. Jan. 14, 2020) (a § 2241 petition brought before exhausting administrative remedies…is dismissed without prejudice); *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) ("nonexhaustion is an affirmative defense, and

defendants have the burden of raising and proving the absence of exhaustion") (internal citations omitted).

## IV.     Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases (which applies to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Bryant has not made a substantial showing of a denial of a constitutional right, so no certificate will issue.

## V.     Conclusion

IT IS THEREFORE ORDERED THAT:

1. Petitioner Earl Wayne Bryant's § 2241 habeas petition, *Doc. 1*, is DISMISSED WITHOUT PREJUDICE.

2. A Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO ORDERED this 12th day of October, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE