IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**EARL WAYNE BRYANT**                                                                **PETITIONER**
*Reg #89198-380*

V.                                         **CASE NO. 2:21-cv-00037-JTK**

**JOHN P. YATES**
*Warden, FCI Forrest City*                                                           **RESPONDENT**

## ORDER

    Before the Court is Petitioner Earl Wayne Bryant's ("Bryant") Motion to Reconsider (DE #24). Bryant is an inmate at Federal Correctional Institution Forrest City Low Unit serving an 84-month sentence for Bank Robbery in violation of 18 U.S.C. § 2113 (a) and (d) out of the United States District Court for the Western District of Texas. *See United States v. Bryant*, No. 1:17CR201. This Court dismissed Bryant's Writ of *Habeas Corpus* under 28 U.S.C. § 2241 without prejudice because he failed to exhaust his administrative remedies (DE #22). For the reasons stated below, the Court perceives Bryant's Motion for Reconsideration to be a successive *habeas* petition without prior authorization from the Eighth Circuit, thus requiring denial and dismissal without prejudice.

    When a habeas petition has been denied and the inmate files a motion that purports to be a Rule 60(b) motion, the district court must first determine whether the motion in fact amounts to a second or successive collateral attack under section 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If it does, the petitioner must obtain authorization from the court of appeals in order to proceed. 28 U.S.C. § 2244(b)(3). If the motion is actually a second or successive habeas petition, the district court must dismiss it for failure to obtain authorization from the court of

appeals or transfer to the court of appeals. *Boyd*, 304 F.3d at 814. A motion that attacks a federal court's previous resolution of a habeas claim on the merits is a second or successive habeas petition, whereas a motion that "attacks, not the substance of the federal court's resolution of a claim, but some defect in the integrity of the federal habeas proceedings[,]" is not a second or successive habeas petition but rather an appropriate Rule 60(b) motion. *Gonzales v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005).

Bryant's accusation that this Court unilaterally bypassed final review of the final order by a District Judge is without merit (DE #24). Bryant consented to have this Court conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (DE #16). Lastly, Bryant's Motion attacks this Court's previous resolution of a habeas claim on the merits, thus it is a second or successive habeas petition without the authorization from the Court of Appeals. Bryant's Motion is **DENIED**.

## I.   Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases (which applies to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Bryant has not made a substantial showing of a denial of a constitutional right, so no certificate will issue.

## II.   Conclusion

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion to Reconsider which this Court perceives to be a successive petition

under § 2241, *Doc. 1,* is DISMISSED WITHOUT PREJUDICE.

2. A Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO ORDERED this 8th day of November, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE